IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01375-PAB-KLM

SHERRON L. LEWIS, JR.,

     Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOC.,
LARRY CASTLE, in his corporate and individual capacities,
CINDY LOWERY-GRABER, and
THE CASTLE LAW GROUP, LLC

     Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Strike Pursuant to Fed. R. Civ. P 12(f)**, *Defendants The Castle Law Group, LLC, Cindy Lowery-Graber and Larry Castle's ("Castle Defendants") Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)* [#67][1] (the "Motion"). On September 19, 2013, Defendants The Castle Law Group, LLC; Cindy Lowery-Graber; and Larry Castle (collectively, the "Castle Defendants") filed a Response [#77]. Plaintiff did not file a reply and his time to do so has elapsed. The Motion is thus ripe for review. Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1C.3, the Motion is referred to this Court for disposition [#69]. The Court has reviewed the Motion, the Response, the entire case file, and the applicable law and is sufficiently

---

[1] "[#67]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

advised in the premises.

Plaintiff, who proceeds in this matter as a pro se litigant, brings the Motion pursuant to Fed. R. Civ. P. 12(f). *Motion* [#67] at 1. He seeks to strike certain portions of the motion to dismiss filed by the Castle Defendants [#31].[2]

Rule 12(f) only permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pleadings, as defined by Rule 7(a), are different from "motions and other papers." Pleadings only include a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a counterclaim, a third-party complaint, an answer to a third-party complaint, and, if court-ordered, a reply to an answer. Fed. R. Civ. P. 7(a). "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda." *Searcy v. Soc. Sec. Admin.*, No. 91-4181, 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992). *See also* 2 James Wm. Moore et. al., Moore's Federal Practice § 12.37[2] (3d ed. 2004) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

The document to which Plaintiff's Motion is directed is a motion to dismiss which is not a "pleading" as defined by Rule 7(a) of the Federal Rules of Civil Procedure. The Court

---

[2] The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

finds that Plaintiff may therefore not attack the information contained in the Castle

Defendants' motion to dismiss [#31] through a motion to strike brought pursuant to Rule

12(f).  *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 230 F.R.D. 657, 660 (D.N.M.

2005).  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#67] is **DENIED**.

Dated:  October 21, 2013                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

3