IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01375-PAB-KLM

SHERRON L. LEWIS, JR.,

    Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOC.,
LARRY CASTLE, in his corporate and individual capacities,
CINDY LOWERY-GRABER, and
THE CASTLE LAW GROUP, LLC

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Alter or Amend the Court's Minute Order Issued August 23, 2013 [Docket #66]** [#73][1] (the "Motion"). On September 30, 2013, Defendant JPMorgan Chase Bank, N.A. ("Chase") filed a Response [#81]. Plaintiff did not file a reply and his time to do so has elapsed. The Motion is thus ripe for review. Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1C.3, the Motion is referred to this Court for disposition [#74]. The Court has reviewed the Motion, the Response, the entire case file, and the applicable law and is sufficiently advised in the premises.

---

[1] "[#73]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

## I. Background

Plaintiff, who proceeds in this matter as a pro se litigant, states that he seeks alteration or amendment of the Court's August 23, 2013 Minute Order [#66] which extended Defendant Chase's deadline to respond to the Complaint. *Motion* [#73] at 1, 4;[2] *see generally Minute Order* [#66]. In the Minute Order, the Court granted Defendant Chase an extension of its deadline to respond to the Complaint pursuant to Fed. R. Civ. P. 6(b)(1)(a), finding that Defendant Chase's "request [was] based on its interest in preserving both the parties' and the Court's resources by attempting to resolve issues between the parties prior to the filing of a dispositive motion," which the Court deemed to constitute good cause. *Minute Order* [#66] at 1.

In support of his Motion, Plaintiff cites to 42 U.S.C. § 1981. *Id.* at 4. However, that statute is not the proper mechanism for the requested relief. Reconsideration of a court order is governed by Fed. R. Civ. P. 60, which is analyzed below. In support of the requested relief, Plaintiff states that "the Court proffers no authority under which [Fed. R. Civ. P.] 6(b)(1)(a) would apply in a case where Defendant had 30 days prior to August 16, 2013 to attempt issue resolution and simply waited until after the deadline had expired . . ." *Id.* at 3. Plaintiff further argues that "[t]he [M]inute [O]rder appears to be arbitrary and absent authority, it appears to ignore the rule and finally, it disregards the rights of the

---

[2] The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Plaintiff to the full and equal benefit of all laws and proceedings expressly provided in 42 U.S.C. § 1981." *Id.* at 4.

## II. Standard of Review

"Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (quoting *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007)). A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Pursuant to Rule 60(b), in the following circumstances, the Court may grant relief from an order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party; . . . or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). It is well established in the Tenth Circuit that grounds for a motion to reconsider are typically limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

## III. Analysis

In short, Plaintiff's Motion argues that the Minute Order [#66] granting Defendant

Chase an extension of its time to respond to the Complaint pursuant to Fed. R. Civ. P. 6(b)(1)(a) somehow violated Plaintiff's rights. *See generally Motion* [#73]. Plaintiff offers no authority to support this argument. Further, Plaintiff fails to specify how he would like the Minute Order to be altered or amended. *Id.* Finally, Plaintiff offers no argument or evidence that any of the circumstances contemplated by Rule 60(b) apply. *Id.* To the Court's knowledge, there is no intervening change in the controlling law, no new evidence, and the Minute Order did not create a need to correct clear error or prevent manifest injustice. Accordingly, the arguments on which Plaintiff's Motion relies do not constitute the exceptional circumstances required to grant relief pursuant to Fed. R. Civ. P. 60.

### IV. Conclusion

Accordingly, based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#73] is **DENIED**.

Dated: October 22, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge