IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01375-PAB-KLM

SHERRON L. LEWIS, JR.,

      Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOC.,
LARRY CASTLE, in his individual and corporate capacity,
CINDY LOWERY-GRABER,
THE CASTLE LAW GROUP, LLC,

      Defendants.

---

**ORDER**

---

      This matter is before the Court on plaintiff's Motion for Default Judgment
Pursuant to Rule 55(b) [Docket No. 55] as to defendant JPMorgan Chase Bank
National Association ("Chase").

## I. PROCEDURAL BACKGROUND

      Plaintiff filed suit against defendants on May 28, 2013 [Docket No. 1].  Chase
was served on June 7, 2013 [Docket No. 22].  On June 26, 2013, the plaintiff and
Chase filed a joint stipulation granting Chase until July 19, 2013 to respond to the
Complaint.  Docket No. 30.  On July 17, 2013, Chase filed an unopposed motion for
seven additional days to respond to the Complaint [Docket No. 36], which the
magistrate judge granted [Docket No. 38].  Before July 26, 2013, Chase conferred with
plaintiff regarding an additional extension of time [Docket No. 55 at 4, ¶ 15], an
extension Chase claims was partially in an effort to facilitate settlement negotiations

[Docket No 65 at 3, ¶ 5].  Plaintiff indicated to Chase he would oppose an additional

extension [Docket No. 55 at 4, ¶ 15].  On July 26, 2013, Chase filed a Motion for a

Second Extension of Time [Docket No. 39], asking for an additional three weeks to

respond to the Complaint.  On August 16, 2013, Chase filed a motion to dismiss

[Docket No. 60].

## II. ANALYSIS

In order to obtain a judgment by default, a party must follow the two-step process

described in Federal Rule of Civil Procedure 55.  First, it must seek an entry of default

from the Clerk of the Court under Rule 55(a).  Second, after default has been entered

by the Clerk, the party must seek default judgment according to the strictures of Rule

55(b).  *See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995)

(citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "'committed to the district court's sound

discretion.'"  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation

omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor

resolution of disputes on their merits."  *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir.

1991) (quotation marks and citations omitted).  "The default judgment must normally be

viewed as available only when the adversary process has been halted because of an

essentially unresponsive party."  *Id*.  It serves to protect a plaintiff against "interminable

delay and continued uncertainty as to his rights."  *Id*. at 733.  When "ruling on a motion

for default judgment, the court may rely on detailed affidavits or documentary evidence

to determine the appropriate sum for the default judgment."  *Seme v. E & H Prof'l Sec.*

2

*Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

On July 29, 2013, plaintiff filed his Notice and Application for Entry of Default Against Defendant JPMorgan Chase Bank National Association Pursuant to Rule 55(a). Docket No. 41; Docket No. 42. On August 5, 2013, the Clerk of the Court declined to enter default. Docket No. 46. The Clerk explained that the entry of default was denied because Chase's Motion for a Second Extension of Time [Docket No. 39] was pending before the magistrate judge. Docket No. 46.[1] Therefore, because plaintiff failed to obtain an entry of default under Fed. R. Civ. P. 55(a) at step one, he may not obtain a default judgment at step two.[2]

## III.  CONCLUSION

For the foregoing reasons, and "[i]n light of the strong preference for the

---

[1]The Court finds no fault with the Clerk's decision not to enter default.

[2]Plaintiff expresses frustration that the Clerk did not enter default and argues he is entitled to a default judgment because Chase's Motion for a Second Extension of Time [Docket No. 39] violated the Court's Practice Standards due to the fact that it was filed on July 26, 2013 – the day Chase's response was due and, therefore, three days later than the Court's Practice Standards permit the filing of motions for extension of time. Docket No. 55 at 4, ¶ 16; *see* Practice Standards (Civil cases), Judge Philip A. Brimmer § I.G.2 ("Any motion for extension of time shall be filed no later than **three** business days before the date the motion, response, reply, or other paper is due."). Chase claims that delay in filing its Motion for a Second Extension of Time was, in part, a result of attempting to confer with plaintiff and discuss settlement. Docket No. 65 at 3, ¶ 5-6. Chase's violation, even if un-excused, is at an early stage of the litigation and does not constitute an "interminable delay" from which the Court must protect the plaintiff. *See Ruplinger*, 946 F.2d at 733. Furthermore, the adversary process has been robust. *See Id.* at 732. Chase filed a Motion to Dismiss on August 16, 2013 [Docket No. 60] as well as a Response in Opposition to Plaintiff's Petition for Preliminary Injunction [Docket No. 48]. Accordingly, the Court finds no basis for the entry of default judgment at this time.

disposition of litigation on the merits," the court will not enter default judgment. *Gulley v. Orr,* 905 F.2d 1383, 1386 (10th Cir. 1990).  Therefore, it is

**ORDERED** that plaintiff's Motion for Default Judgment Pursuant to Rule 55(b) [Docket No. 55] is DENIED.

DATED January 10, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge