IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01375-PAB-KLM

SHERRON L. LEWIS, JR.,

    Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOC.,
LARRY CASTLE, in his individual and corporate capacity,
CINDY LOWERY-GRABER, and
THE CASTLE LAW GROUP, LLC,

    Defendants.

## ORDER

    This matter is before the Court on the Motion for Attorney Fees [Docket No. 105] filed by defendants Larry Castle, Cindy Lowery-Graber, and the Castle Law Group, LLC.[1] Plaintiff did not file a response.

    The relevant background facts are set forth elsewhere and will not be restated here except as relevant to resolving the present motion. *See* Docket No. 90 at 3-9. On December 12, 2013, the magistrate judge recommended that the Court dismiss with prejudice Mr. Lewis' claims brought pursuant to 42 U.S.C. § 1983. Docket No. 90 at 26-27. On March 24, 2014, the Court accepted the magistrate judge's recommendation, concluding that defendants were not "state actors" under § 1983 and dismissing plaintiff's § 1983 claims with prejudice. Docket No. 103 at 15.

---

[1] All references to "defendants" are to Larry Castle, Cindy Lowery-Graber, and the Castle Law Group, LLC, collectively, unless otherwise indicated.

Defendants seek attorney's fees pursuant to the fee-shifting provision of 42 U.S.C. § 1988. Docket No. 105 at 3. "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of [Title 42], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." § 1988(b). "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart,* 461 U.S. 424, 429 n.2 (1983); *see Edgerly v. City and County of San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010). This is a difficult standard for a defendant to meet, and the Tenth Circuit has cautioned that rarely will cases "be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000); *see also Utah Animal Rights Coal. v. Salt Lake Cnty.*, 566 F.3d 1236, 1245 (10th Cir. 2009).

Relying on the reasoning in the Court's order dismissing plaintiff's constitutional tort claims, defendants argue that plaintiff's constitutional tort claims were objectively baseless. Docket No. 105 at 4. First, defendants argue that plaintiff's equal protection and §§ 1985 and 1986 claims were unsupported. *Id.* This argument is unpersuasive because, although plaintiff's second and fourth claims were styled, in part, as equal protection claims and plaintiff's complaint invoked §§ 1985 and 1986, plaintiff did not appear to proceed under an equal protection theory or argue that he had cognizable claims under § 1985 or § 1986.

Second, defendants argue that plaintiff's position they were "state actors" under § 1983 warrants an award of attorney's fees. *Id.* at 4-5. The Court disagrees. It is true

2

that plaintiff's complaint did not contain sufficient facts upon which to conclude that defendants were state actors and plaintiff did not persuasively argue that defendants' conduct rendered them state actors under any of the relevant tests. However, plaintiff cited *Lugar v. Edmondson Oil Company, Inc.*, 457 U.S. 922 (1982), in support of his § 1983 claims. Docket No. 97 at 4. In *Lugar*, the Supreme Court held that "private use of the challenged state procedures with the help of state officials constitutes state action for purposes of the Fourteenth Amendment." 457 U.S. at 933. This Court noted that "Mr. Lewis' complaint, as in *Lugar*, can arguably be construed as alleging that Colo. Rev. Stat. § 38-38-101, *et seq.*, and Rule 120 are unconstitutional and that defendants acted pursuant to those procedures to deprive him of property," but ultimately ruled that plaintiff's claims were distinguishable from *Lugar* in several key respects. Docket No. 103 at 13-15. Thus, *Lugar* provided a non-frivolous – but ultimately insufficient – basis for plaintiff's contention that defendants were state actors. As a result, the Court is not persuaded that plaintiff's claims were frivolous in this respect.[2]

Third, defendants argue that they are entitled to an award of fees due to "the offensive nature of the plaintiff's allegation against these defendants that they violated his due process rights by the defendants' alleged involvement in drafting certain foreclosure statutes." Docket No. 105 at 6. On this issue, the Court found no authority

---

[2]Defendants misinterpret the Court's order as concluding that plaintiff failed to allege a due process violation because plaintiff had the benefit of notice and a hearing in state court prior to foreclosure. *See* Docket No. 105 at 5. The Court concluded that, "Unlike the plaintiff in *Lugar*, Mr. Lewis had the benefit of notice and hearing prior to the point at which defendants were legally entitled to initiate a foreclosure sale." Docket No. 103 at 13. However, because the Court concluded that defendants were not state actors, the Court did not reach the question of whether plaintiff sufficiently alleged a due process violation.

that supported "Mr. Lewis' position that private parties are transformed into state actors because of their efforts to influence legislation." Docket No. 103 at 10 (citing *Chapel Farm Estates, Inc. v. Moerdler*, 2003 WL 21998964, at *6 (S.D.N.Y. Aug. 22, 2003) (finding that homeowners association was not state actor by virtue of its efforts to lobby city council)). However, this was but one aspect of plaintiff's claims and not an aspect upon which he relied heavily. Defendants make no showing that such an argument harassed or embarrassed them. As a result, the Court is not convinced that plaintiff's arguments concerning defendants' lobbying efforts warrant an award of attorney's fees under § 1988.

Finally, defendants argue that, in lieu of an award of fees under § 1988, the Court should award fees as a sanction under 28 U.S.C. § 1927. Docket No. 105 at 5-6 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). Defendants contend that, because plaintiff is a "frequent filer," the Court should sanction plaintiff just as Judge Arguello did in *Kondaur Capital Corporation v. Castro*, 12-cv-00565-CMA-KLM (D. Colo. October 31, 2012), Docket No. 25. Plaintiff's history of litigation in this district is well documented. *See Kondaur*, Docket No. 23 at 4-5. Magistrate Judge Mix admonished plaintiff "for his vexatious and frivolous litigation conduct that is evidenced by the seventeen cases filed in this District alone," *id.* at 6, and the Court has no reason to disagree with such an assessment of plaintiff's conduct. However, for the reasons discussed above, defendants fall short of establishing that plaintiff's position in this particular litigation was frivolous or otherwise sufficiently abusive to warrant sanctions pursuant to § 1927. *Cf. id.* at 5 (concluding that Mr. Lewis' removal of the case was

"without any legal basis").

For the foregoing reasons, it is

**ORDERED** that defendants' Motion for Attorney Fees [Docket No. 105] is **DENIED**.

DATED March 10, 2015.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge